[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION TO MODIFY, CODED164, AND PLAINTIFF'S MOTION TO MODIFY, CODED167
In these two motions, the plaintiff seeks a modification of the existing alimony order arising out of the defendant having discharged various liabilities through bankruptcy since October 11, 1996. The Memorandum of Decision of the court in paragraphs E. 2 and 3 entered the following orders:
 2. The court orders that all of the post December, 1994 [per Axelrod, J.] liabilities shown on the plaintiff's financial affidavit be paid by the plaintiff, and he holds the defendant harmless therefrom. The court orders that the following liabilities shown on the plaintiff's financial affidavit be paid as follows: CT Page 8958
 (a) the Century auto loan is to be paid by the defendant and she is to hold the plaintiff harmless;
 (b) the Honda auto loan is to be paid by the plaintiff and he is to hold the defendant harmless;
 (c) the personal loan RFS joint, and the overdraft checking, and the Discover Card, and the personal loan — Schlichs, are all to be paid one-half by the plaintiff and one-half by the defendant, and each is to hold the other harmless for such one-half payment.
3. The court orders that the following liabilities shown on the defendant's financial affidavit be paid as follows:
 (a) USAA MasterCard and St. John's Episcopal Hospital be paid one-half by the plaintiff and one-half by the defendant.
In the motion coded 164, the plaintiff seeks to have the court vacate the existing order for him to pay 65 percent of the defendant's health insurance premiums and vacate the order to pay any alimony until such as the vacated alimony payments would have accrued to $25,000 plus interest. In the motion coded 167, the plaintiff seeks to have the court reopen the judgment to allow him to retain his entire deferred compensation assets in order to help reduce the additional outstanding debt he has to pay as a result of the defendant having discharged her share of those debts through bankruptcy.
The threshold question in a motion to modify is whether there has been a substantial change in circumstances. The court finds that as a result of the defendant having discharged her debts through bankruptcy, that there has been a substantial change in circumstances.
To the extent that the plaintiff now seeks to be allowed to retain his entire compensation assets, that request is denied, as the division his compensation was by way of property orders and is therefore not modifiable. The order for the plaintiff to pay 65 percent of the defendant's health insurance premiums and $20 weekly alimony, were each orders that were entered by way of alimony. They are therefore orders that can be modified upon a CT Page 8959 substantial change in circumstances. Section 46b-86 provides that any order for alimony may be modified upon a showing of a substantial change in circumstances of either party. In this case, the court in the exercise of its discretion, has determined that this particular change of circumstances does not justify a modification of the existing $20 weekly alimony order or of the existing order for the plaintiff to pay 65 percent of the defendant's health insurance premiums.
The court therefore denies the plaintiff's motion to modify coded 164, and denies the plaintiff's motion to modify coded 167.
Axelrod, J.